# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| YVONDIA JOHNSON, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| SECRETARY CHRISTINE § | | |
| WORMUTH, DEPARTMENT OF § | Case No. 1:21-CV-00831-LY | |
| THE ARMY, § | | |
| *Defendant* § | | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss, filed January 28, 2022 (Dkt. 9); Plaintiff's Opposition to Defendant's Motion to Dismiss, filed February 11, 2022 (Dkt. 10); and Defendant's Reply, filed February 19, 2022 (Dkt. 13). The District Court referred Defendant's Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 12.

## I.  General Background

Plaintiff Yvondia D. Johnson is a veteran who is evaluated by the Department of Veterans Affairs as having a 30% disability rating. Dkt. 1 (Complaint) ¶ 21. Her service-related disabilities include diabetes, breast cancer, high blood pressure, and a heart condition. *Id.* ¶ 22. Johnson is eligible for Schedule A hiring authority. *Id.* ¶ 24.

Johnson alleges that she was denied employment by the Department of the Army as a contract management specialist with the Army Installation Management Command at Fort Sam Houston,

1

Texas. *Id.* ¶ 4. She alleges that she was capable of performing all essential functions of the position "with or without a reasonable accommodation," met all criteria set out in the job announcement, and "had more experience in contracting than the individual selected." *Id.* ¶¶ 31, 35-36. On information and belief, Johnson alleges that Defendant pre-selected the non-disabled individual hired for the job. *Id.* ¶ 45. She further alleges that she has exhausted all administrative remedies by initiating EEO counseling, filing a formal EEO complaint, and requesting an EEOC hearing. The EEOC issued a decision and order entering judgment in Defendant's favor, and Defendant issued a Final Agency Action dated June 21, 2021. *Id.* ¶ 19.

On September 19, 2021, Johnson filed this lawsuit against Christine Wormuth, Secretary of the Department of the Army, in her official capacity. *Id.* ¶ 3. Johnson asserts a claim of discrimination on the basis of disability, in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.*

Wormuth moves to dismiss for improper service under Rules 4(m) and 12(b)(5). Johnson opposes the motion.

## II.   Legal Standards

A district court cannot exercise personal jurisdiction over a party without proper service of process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Pursuant to Rule 12(b)(5), a defendant may move for dismissal for "insufficient service of process." In ruling on the motion, the Court must look to Rule 4, which applies to the issuance of summons and service of process. *See* 5B ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 1353 (3d ed. April 2022 Update) ("The procedural requirements for proper service are set forth in Rule 4 and they are incorporated by Rule 12(b)."). Rule 4(m) permits dismissal of a suit without prejudice if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, but provides that, "if the plaintiff shows good cause for the failure, the court must

extend the time for service for an appropriate period." "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Service on Wormuth in her official capacity, the sole Defendant, is governed by Rule 4(i), which provides, in pertinent part:

> 4(i) Serving the United States and Its Agencies, Corporations, Officers, or Employers.
>
> (1) *United States.* To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.
>
> . . .
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> . . .
>
> (4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:
>
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States.

### III.  Analysis

The parties agree that Johnson properly served both the United States Attorney and the Attorney General of the United States pursuant to Rule 4(i)(1). Dkt. 6; Dkt. 13 at 2.

Johnson also delivered a copy of the Complaint and Summons to Joint Base San Antonio – Fort Sam Houston, Texas, on September 30, 2021. Dkt. 6; Dkt. 9-2 (Patrick Gary Declaration) ¶ 5. But this did not constitute proper service on Wormuth in her official capacity under Rule 4(i)(2). The chief of the Army Litigation Division accepts service of process on the Secretary of the Army pursuant to 32 C.F.R. § 516.14, which states: "The Chief, Litigation Division, shall accept service of process for Department of the Army or for the Secretary of the Army in his official capacity." The Chief of the Army Litigation Division must be served at Fort Belvoir, Virginia. Dkt. 9-1 (Declaration of Kartik N. Venguswamy) ¶ 7. Accordingly, the undersigned Magistrate Judge finds that Johnson failed to timely serve Wormuth through the Chief of the Army Litigation Division, as required by Rule 4(i)(2) and 32 C.F.R. § 516.14.

Nonetheless, because it is undisputed that Johnson has served the United States attorney and the Attorney General of the United States, she clearly satisfies the requirements Rule 4(i)(4)(A), which states that the Court "must allow a party a reasonable time to cure" the failure to serve. *Id.*

Johnson requested issuance of a summons to Wormuth through the Chief of the Army Litigation Division on February 23, 2022, after the Motion to Dismiss was fully briefed. Dkt. 14. The Complaint and Summons were served on Wormuth on March 7, 2022. Dkt. 16. Thus, Johnson effected service on Wormuth within three months after the service deadline.

On the facts of this case, the undersigned Magistrate Judge recommends that the District Court find the service delay of less than three months to be a "reasonable time" under Rule 4(i)(4)(A) and permit Johnson to cure her failure by her service on Wormuth effected March 7, 2022. Wormuth does not argue that she has suffered any actual prejudice from the delay. In contrast, were the Court to dismiss this case without prejudice under Rule 4(m), the 90-day statute of limitations to appeal the EEOC's dismissal of Johnson's claims would bar her refiled action.

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss (Dkt. 9).

If the District Court accepts this recommendation, the undersigned further **RECOMMENDS** that the District Court **SET ASIDE** the Clerk's Entry of Default (Dkt. 8) and **ORDER** Defendant to serve an answer to Plaintiff's complaint within 60 days pursuant to Rule 12(a)(2).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 21, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE