**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| YVONDIA D. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:21-CV-831-ADA |
| | § | |
| CHRISTINE WORMUTH, | § | |
| | § | |
| Defendant. | § | |

**OMNIBUS ORDER REFLECTING THE PRETRIAL CONFERENCE RULINGS**

I.      **Plaintiff's Motions in Limine, Dkt. 62:**

| MOTION | COURT RULING |
|---|---|
| **1:** Any statement, argument, or evidence referencing or relating to claims of "constructive discharge", "failure to accommodate", or other similar statements regarding claims involving Plaintiff after the 2015 non-selection at issue. | GRANTED. Defendant should approach the bench if she wants to get into a later case. |
| **2:** Any evidence that defendant did not produce in discovery. Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories, or any evidence not produced in response to any discovery | DENIED. Not a Motion in Limine, evidence will not come in. |
| **3:** Any statement or argument that Plaintiff's case should not be taken seriously if she does not produce expert testimony | GRANTED. |
| **4:** Any reference to discovery disputes that arose during the preparation of the case for trial and any position taken by any party with respect thereto | GRANTED. No discussion of discovery disputes, which includes "did you look for that?" Approach the bench if something prejudicial is revealed. |
| **5:** Any reference to any ex parte statement of any witness, other than an adverse party, unless and until such witness has been called to testify and has given testimony conflicting with such witness's ex parte statement. | DENIED. Object if hearsay. |

| | |
|---|---|
| **6:** Any statement or suggestion as to the probable testimony of any witness who is unavailable to testify, or whom the party suggesting the testimony does not, in good faith, expect to testify at trial. This would not apply to testimony given in a deposition in this case and properly offered under the Federal Rules of Evidence or the Local Rules of this Court. | GRANTED. No discussion of probable testimony unless the witness is called. |
| **7:** Any evidence, testimony, or statements as to an expert opinion that was not disclosed in the Defendant's expert disclosures for that witness | DENIED. Not applicable; no experts. |
| **8:** Offering any evidence that was not produced before the close of discovery, unless the additional discovery was agreed upon by the parties | DENIED. Evidence will not come in. |
| **9:** Calling any witness that was not identified by name before the close of discovery. | DENIED. Not applicable because no issues with proposed witness lists. |
| **10:** Any reference or attempt to impeach any witness on a collateral matter. | DENIED. Object under FRE 401 if irrelevant. |
| **11:** Any evidence, testimony, or statements concerning negotiations, offers (including offers to negotiate or mediate), or demands with respect to any attempted mediation or settlement. | GRANTED. |
| **12:** Any of Douglas Adams' qualifications and employment experience that is not reflected in his resume and application package for the Contract Management Specialist position. | GRANTED. Defendant should approach the bench to introduce evidence. |
| **13:** Any statement, argument, or evidence relating to allegations by Plaintiff accusing Defendant of discrimination or retaliation other than Plaintiff's allegation of discrimination in her nonselection for the Contract Management Specialist position in this case. | DENIED. The parties should raise an objection at trial, and the testimony, evidence, and arguments at trial should be limited to the 2015 non-selection. |
| **14:** Any statement, argument, or evidence relating to Douglas Adams' accomplishments and work performance after Ms. Johnson's nonselection for the Contract Management Specialist position in this case | GRANTED. Defendant should approach the bench to introduce evidence. |

## II.  Defendant's Motions in Limine, Dkt. 61:

| MOTION | COURT RULING |
|---|---|
| **1:** Any reference to discovery disputes that arose during the preparation of the case for trial and any position taken by any party with respect thereto. | GRANTED. No discussion of discovery disputes. |
| **2:** Any reference to any ex parte statement of any witness, other than an adverse party, unless and until such witness has been called to testify and has given testimony conflicting with such witness's ex parte statement. | DENIED. Object if hearsay. |
| **3:** Any statement or suggestion as to the probable testimony of any witness who is unavailable to testify, or whom the party suggesting the testimony does not, in good faith, expect to testify at trial. This would not apply to testimony given in a deposition in this case and properly offered under the Federal Rules of Evidence or the Local Rules of this Court. | GRANTED. No discussion of probable testimony unless the witness is called. |
| **4:** Any evidence, testimony, or statements as to an expert opinion that was not disclosed in the Plaintiff's expert disclosures for that witness. | DENIED. Not applicable; no experts. |
| **5:** Offering any evidence that was not produced before the close of discovery, unless the additional discovery was agreed upon by the parties. | DENIED. Evidence will not come in. |
| **6:** Calling any witness that was not identified by name before the close of discovery. | DENIED. Not applicable; no issues with proposed witness lists. |
| **7:** Any reference or attempt to impeach any witness on a collateral matter. | DENIED. Object under FRE 401 as irrelevant. |
| **8:** Any evidence, testimony, or statements concerning negotiations, offers (including offers to negotiate or mediate), or demands with respect to any attempted mediation or settlement. | GRANTED. |
| **9:** Any evidence, testimony, statement, or reference to any allegations of constructive discharge or that Plaintiff was "forced" to retire from employment. Plaintiff has not alleged any such claim in this action. | GRANTED. Plaintiff should approach the bench if she wants to get into a later case. |
| **10:** Any evidence, testimony, statement, or reference to any allegations that the Health Insurance Portability and Accountability Act (HIPAA) was violated. | GRANTED. |

| | |
|---|---|
| **11:** Any evidence, testimony, statement, or reference to any medical conditions that Plaintiff did not disclose to the Defendant during her application for the Contract Management Specialist position at issue in this case. | GRANTED. Jury will only see information that was available to Defendant when Defendant made the non-selection decision. |
| **12:** Any evidence, testimony, statement, or reference to any medical conditions that do not serve as a basis for Plaintiff's rating that she received from the Department of Veteran's Affairs for service-connected disability compensation. | GRANTED. Jury will only see information that was available to Defendant when Defendant made the non-selection decision. |
| **13:** Any description of or reference to Plaintiff's rating that she received from the Department of Veteran's Affairs for service-connected disability compensation as a "disability" or "medical information." | GRANTED. The Judge agreed that the disability rating is not inherently "disability", but Plaintiff should approach the bench if she wants to discuss how the disability rating is considered "medical information." |
| **14:** Any of Plaintiff's qualifications and employment experience that is not reflected in her resume and application package for the Contract Management Specialist position. | GRANTED. Jury will only see information that was available to Defendant when Defendant made the non-selection decision. |
| **15:** Any evidence, testimony, statement, or reference to any allegations of retaliation, wrongful termination, failure to provide reasonable accommodations, harassment, or hostile work environment by the Plaintiff. | DENIED. Object at trial; the evidence and arguments at trial is limited to the 2015 non-selection. |
| **16:** Any evidence, testimony, statement, or reference to allegations of discrimination by the Defendant based on race, color, religion, sex, national origin, age, or any other protected category other than disability. | DENIED. Object at trial; the evidence and arguments at trial is limited to the 2015 non-selection. |
| **17:** Any evidence, testimony, statement, or reference to allegations of discrimination other than Plaintiff's allegation of discrimination in her nonselection for the Contract Management Specialist position in this case. | DENIED. Object at trial; the evidence and arguments at trial is limited to the 2015 non-selection. |

| | |
|---|---|
| **18:** Any evidence, testimony, statement, or reference to any allegation of discrimination with respect to Plaintiff's nonselection for the Contract Management Specialist position in this case other than on the basis of disability. | DENIED. Object at trial; the evidence and arguments at trial is limited to the 2015 non-selection. |
| **19:** Any evidence, testimony, statement, or reference to the amount of attorney's fees and litigation costs that Plaintiff has incurred in bringing this suit. | GRANTED. No discussion of fees until after trial. |

**SIGNED** this 10th day of June 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE