FILED
June 25, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Jennifer Clark
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

6/25/24 12:30

| | | |
|---|---|---|
| YVONDIA D. JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:21-CV-831-ADA |
| | § | |
| CHRISTINE WORMUTH, | § | |
| | § | |
| Defendant. | § | |

**CHARGE AND INTERROGATORIES**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is

not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Here, Defendant Christine Wormuth, Secretary of the Army, is the proper party under the law to be sued in a case of alleged employment discrimination. Defendant may also be referred to as "the Army" and/or "the government" during the trial.

Do not let bias, prejudice or sympathy play any part in your deliberations. The Department of the Army, as represented by the Secretary of the Army—and all other persons are equal before the law and must be treated as equals in a court of justice.

Plaintiff Yvondia Johnson has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Yvondia Johnson has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Defendant has the burden of proving certain defenses by a preponderance of the evidence. If you find that Defendant has failed to prove any element of its defenses by a preponderance of the evidence, then Defendant may not be excused because of that defense.

The Court will instruct you as to which party has the burden of proof on particular questions.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness, a statement, or a document. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent

mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Charges for Cases Involving Actual Disability Claims**

Plaintiff Yvondia Johnson claims that the Army discriminated against her because she had a disability by not hiring her for a GS-13 Contract Management Specialist position. Defendant Christine Wormuth, Secretary of the Army, denies Plaintiff Yvondia Johnson's claims and contends that Plaintiff Yvondia Johnson was not hired because her resume was not rated as high as other candidates.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include not hiring a qualified individual with a disability.

To succeed in this case, Plaintiff Yvondia Johnson must prove each of the following by a preponderance of the evidence:

1. Plaintiff Yvondia Johnson had insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension;

2. Such insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension substantially limited her ability to sit, sleep, move, focus, and remember;

3. Defendant Christine Wormuth, Secretary of the Army, knew Plaintiff Yvondia Johnson had insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension;

4. Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson;

5. Plaintiff Yvondia Johnson was a qualified individual who could have performed the essential functions of a Contract Management Specialist when Defendant Christine Wormuth, Secretary of the Army, did not hire her; and

6. Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson because of her insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension. Plaintiff Yvondia Johnson does not have to prove that her insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension was the only reason Defendant Christine Wormuth, Secretary of the Army, did not hire her.

If Plaintiff Yvondia Johnson has failed to prove any of these elements, then your verdict must be for Defendant Christine Wormuth, Secretary of the Army.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Yvondia Johnson's insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension substantially limits her ability to sit, sleep, move, focus, and remember, you should compare her ability to sit, sleep, move, focus, and remember things with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient. In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or

surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

Evidence of a VA partial disability rating alone does not establish a disability. To show a disability, a plaintiff must still show a physical impairment that substantially limits one or more major life activities.

To prove that Plaintiff Yvondia Johnson's disability was the reason that she was not hired, Plaintiff Yvondia Johnson must prove that the individuals at the Army who made the decision to not hire her knew of her disability. You may consider evidence about information learned from communications with Plaintiff Yvondia Johnson. In addition, an employer is presumed to know information in its files or records about its employees. But an employer is not presumed to know information in records that are not in its files. Nor is an employer required to draw conclusions that an individual has a mental or psychological disorder if it is not obvious to an ordinary person.

**Charge for Cases Involving Claims of Discrimination Based on Having a Record of Impairment**

Plaintiff Yvondia Johnson claims that she was discriminated against because she had a record of a disability. Defendant Christine Wormuth, Secretary of the Army, denies Plaintiff Yvondia Johnson's claims and contends that she was not hired because her resume was not rated as high as other candidates.

Plaintiff Yvondia Johnson claims that she could have performed the essential functions of Contract Management Specialist when Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson.

It is unlawful to not hire a qualified individual who has a record of a disability because the qualified individual has a record of a disability.

To succeed in this case, Plaintiff Yvondia Johnson must prove the following by a preponderance of the evidence:

1. Plaintiff Yvondia Johnson could have performed the essential functions of Contract Management Specialist when Defendant Christine Wormuth, Secretary of the Army, did not hire her;

2. Plaintiff Yvondia Johnson had a record of a physical impairment that substantially limited one or more major life activities;

3. Defendant Christine Wormuth, Secretary of the Army, knew that Plaintiff Yvondia Johnson had a record of a disability;

4. Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson; and

5. Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson because she had a record of insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension.

A VA partial disability rating is not a record of a disability. An individual has a record of having a disability if she has a history of or has been classified as having an impairment that substantially limits one or more major life activities.

If Plaintiff Yvondia Johnson has failed to prove any of these elements, then your verdict must be for Defendant Christine Wormuth, Secretary of the Army.

**Charge for Cases Involving Claims of Discrimination Based On Being Regarded as Having an Impairment**

Plaintiff Yvondia Johnson claims that she was discriminated against because she had a record of a disability. Defendant Christine Wormuth, Secretary of the Army, regarded her as having an impairment. Defendant Christine Wormuth, Secretary of the Army denies Plaintiff Yvondia Johnson's claims and contends that she was not hired because her resume was not rated as high as other candidates.

Plaintiff Yvondia Johnson claims that she could have performed the essential functions of Contract Management Specialist when Defendant Christine Wormuth, Secretary of the Army did not hire Plaintiff Yvondia Johnson.

It is unlawful to [not hire a qualified individual who is regarded as having an impairment because the qualified individual is regarded as having an impairment.

To succeed in this case, Plaintiff Yvondia Johnson must prove the following by a preponderance of the evidence:

1. Plaintiff Yvondia Johnson could have performed the essential functions of Contract Management Specialist when Defendant Christine Wormuth, Secretary of the Army did not hire her;

2. Plaintiff Yvondia Johnson was regarded as having a physical impairment;

3. Defendant Christine Wormuth, Secretary of the Army regarded Plaintiff Yvondia Johnson as having an impairment;

4. Defendant Christine Wormuth, Secretary of the Army did not hire Plaintiff Yvondia Johnson; and

6. Defendant Christine Wormuth, Secretary of the Army, did not hire Plaintiff Yvondia Johnson because she was regarded as having insulin-dependent diabetes, cancer treatment, back strain, arthroscopic removal of torn cartilage left knee, or hypertension.

An individual is regarded as having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

If Plaintiff Yvondia Johnson has failed to prove any of these elements, then your verdict must be for Defendant Christine Wormuth, Secretary of the Army.

**Mixed-Motive Affirmative Defense Instruction (Title VII and ADA)**

If you find that Plaintiff Yvondia Johnson's disability was a motivating factor in the decision by Defendant Christine Wormuth, Secretary of the Army, to not to hire her, even though other considerations were factors in the decision, then you must determine whether Defendant Christine Wormuth, Secretary of the Army, proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Yvondia Johnson's disability.

**Consider Damages Only If Necessary**

If Plaintiff Yvondia Johnson has proved her claim against Defendant Christine Wormuth, Secretary of the Army, by a preponderance of the evidence, you must determine the damages to which Plaintiff Yvondia Johnson is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Yvondia Johnson's damages as an indication in any way that I believe that Plaintiff Yvondia Johnson should, or should not, win this case. It is your task first to decide whether Defendant Christine Wormuth, Secretary of the Army, is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Christine Wormuth, Secretary of the Army, is liable and that Plaintiff Yvondia Johnson is entitled to recover money from Defendant Christine Wormuth, Secretary of the Army.

**Title VII and ADA Damages**

If you found that Defendant Christine Wormuth, Secretary of the Army, violated Section 501 of the Rehabilitation Act, then you must determine whether it has caused Plaintiff Yvondia Johnson damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Yvondia Johnson has proved liability.

Plaintiff Yvondia Johnson must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Yvondia Johnson need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Yvondia Johnson would have earned in her employment with the Army if she had been hired from her start date to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Yvondia Johnson received from employment during that time; and (2) the amount of other damages sustained by Plaintiff Yvondia Johnson such as pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

Back pay includes the amounts the evidence shows Plaintiff Yvondia Johnson would have earned had she been hired. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to

retirement. You must subtract the amounts of earnings and benefits Defendant Christine Wormuth, Secretary of the Army, proves by a preponderance of the evidence Plaintiff Yvondia Johnson received during the period in question.

Defendant Christine Wormuth, Secretary of the Army, claims that Plaintiff Yvondia Johnson failed to mitigate her damages. Plaintiff Yvondia Johnson has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.

To succeed on this defense, Defendant Christine Wormuth, Secretary of the Army, must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Yvondia Johnson failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Yvondia Johnson's damages were increased by her failure to take such reasonable actions

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she was denied. Plaintiff does not have to accept a job that is dissimilar to the one she was denied, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Yvondia Johnson's diligence should be evaluated in light of her individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Yvondia Johnson for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

**Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

**Nominal Damages**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of her rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that Plaintiff Yvondia Johnson sustained a technical violation of the Rehabilitation Act but that Plaintiff Yvondia Johnson suffered no actual loss as a result of this violation, then you may award Plaintiff Yvondia Johnson nominal damages.

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You

must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.