# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**Yvondia D. Johnson,**     §
    *Plaintiff*     §
                        §
**v.**                    §
                        §     **CASE NO. A-21-CV-00831-ADA-SH**
**Daniel P. Driscoll,[1] Secretary of the**     §
**Department of the Army,**     §
    *Defendant*     §

## ORDER

Now before the Court are Plaintiff's Objections to Defendant's Request for Bill of Costs, filed September 3, 2024 (Dkt. 93), and Defendant's Response to Plaintiff's Objections to Bill of Costs, filed September 10, 2024 (Dkt. 94). On February 5, 2024, the District Court referred this case to this Magistrate Judge for disposition of all non-dispositive matters and for a report and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 53.

## I.    Background

Plaintiff Yvondia D. Johnson filed this disability discrimination against Defendant Christine Wormuth, Secretary of the Department of the Army, on September 19, 2021. Dkt. 1. Johnson alleged that the Department of the Army failed to hire her because of her disabilities, in violation of the Rehabilitation Act of 1973. On June 25, 2024, after a two-day jury trial, the jury returned a verdict for Defendant on all issues presented, finding that Johnson did not have a disability or a record of a disability and was not regarded as having a disability. Dkt. 87.

---

[1] The Court substitutes Daniel P. Driscoll for Christine Wormuth as the named defendant under Rule 25(d). Driscoll replaced Wormuth as the Secretary of the Army in January 2025.

On July 15, 2024, the District Court entered a Final Judgment "in favor of Defendant Christine Wormuth, in her official capacity as Secretary of the Army and against Plaintiff Yvondia D. Johnson." Dkt. 90 at 1. The District Court ordered that "Defendant is entitled to recoverable costs" and "shall file her proposed bill of costs no later than 14 days after the entry of this Final Judgment as required by W.D. Tex. Local Rule CV-54(a)." *Id.*

Defendant timely filed her Bill of Costs on July 29, 2024, seeking $10,592.99 in costs for printing, transcripts, and witness fees, all permitted costs under 28 U.S.C. § 1920.[2] Dkt. 91. Johnson did not file a timely objection to the Bill of Costs. The Clerk of the Court awarded Defendant $10,592.99 in costs on August 20, 2024. Dkt. 92.

On September 3, 2024, Johnson filed "Plaintiff's Objections to Defendant's Request for Bill of Costs," contending that she should not have to pay Defendant's costs. Dkt. 93. Johnson argues that she should not have to pay Defendant's Bill of Costs because Defendant's costs are "excessive and unnecessary," and "payment of the Bill would impose a significant and inequitable hardship on Plaintiff" because she is on a fixed income while Defendant has "unlimited resources." *Id.* at 2.

Defendant argues that Johnson's objections should be overruled as waived for failure to timely file. In the alternative, Defendant argues that she is entitled to her costs under Rule 54(d)(1) as ordered by the District Court, and Johnson's financial hardship allegations are insufficient to overcome the strong presumption that Defendant is entitled to costs as the prevailing party.

---

[2] Section 1920 provides that a court may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters.

## II.    Analysis

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1). The rule creates "a strong presumption" in favor of awarding costs to a prevailing party, and "a district court may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

A party objecting to the Clerk's award of costs must file a motion within seven days of the Clerk's assessment of costs. FED. R. CIV. P. 54(d)(1); Local Rule CV-54(a)(2). Because Defendant filed her Bill of Costs on July 29, 2024, Johnson had until August 5, 2024 to file objections. But Johnson did not file her objections until almost one month later, on September 3, 2024; nor did she seek leave to file late objections to the Bill of Costs. By failing to file objections within the seven-day deadline under Rule 54(d)(1) and Local Rule CV-54(a)(2), Johnson waived any challenge to Defendant's Bill of Costs. *See Prince v. Poulos*, 876 F.2d 30, 33-34 (5th Cir. 1989) (holding that plaintiff waived any objections to an award of costs by failing to timely object); *Ihsan v. Weatherford U.S., L.P.*, No. H-17-2546, 2019 WL 3935975, at *7 (S.D. Tex. Aug. 20, 2019) ("Because plaintiff failed to object to defendant's Bill of Costs within the 7-day period provided by Local Rule 54.2, plaintiff has waived any objection to the cost award by failing to file timely objections."), *aff'd*, 799 F. App'x. 895 (5th Cir. 2020).

The Court also finds that $10,592.99 in costs for printing, transcripts, and witness fees are reasonable and proper under § 1920. The Court need not deny Defendant costs under Rule 54(d)(1) because of her "comparative ability to more easily bear the costs." *Smith v. Chrysler Grp.*, 909 F.3d 744, 753 (5th Cir. 2018). Courts have rejected a "relative wealth" rationale, and "the fact that

the prevailing party is substantially more wealthy than the losing party is not a sufficient ground for denying or limiting costs to the prevailing party." *Moore v. CITGO Ref. & Chemicals Co.*, 735 F.3d 309, 320 (5th Cir. 2013) (citation omitted). Thus, "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Id.*

The Court finds that Johnson's objections to Defendant's Bill of Costs are untimely and meritless. Therefore, they are overruled.

### III.  Order

Plaintiff's Objections to Defendant's Request for Bill of Costs (Dkt. 93) are **OVERRULED**.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

**SIGNED** March 14, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE